

# UNITED STATES DISTRICT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

KEITH JAMAR MOSSON

Plaintiff

-VS-

Case:2:13-cv-13771
Judge: Tarnow, Arthur J.
MJ: Komives, Paul J.
Filed: 09-04-2013 At 02:47 PM
PRIS MOSSON V WAYNE COUNTY PROSECUT
ORS OFFICE, ET AL (EB)

**WAYNE COUNTY PROSECUTORS OFFICE; ASSISTANTS:**
Ashley Ciaffone, John Casey and all Jane and John
Does; **JUDGE:** Lynise Bryant-Weekes; **ATTORNEYS:**
Ronald McDuffie, Richard W. Glanda; **THE
DETROIT POLICE DEPARTMENT;** Treva Eaton, Michael
Mosley, Robert Lalone, Darryl Davis, Paul
Pesmack, Officers of the Headquarters Surveillance
Unit, any and all Jane and John Does; **WAYNE
COUNTY SHERIFF OFFICE;** Benny Napoleon,
Captain Roberson, Captain Sabbagh, Commander
Gatti, and any and all Jane and John Does.
**WAYNE COUNTY JAIL MEDICAL PROVIDERS;**
Nurse Gillery and any and all Jane and John Does.
**WAYNE COUNTY JAIL COMMISSARY;** and any
And all Jane And John Does, sued individually
and in their official capacities.
**Defendants**

Pg ①

## JURY TRIAL DEMANDED

## COMPLAINT

Complaint in Federal Court for an Injunction to prevent a bad faith, a malicious and vindictive, an actual conspiracy, and a miscarriage of justice in laymen terms pro-se.

This is a §1983 cause filed by Keith Jamar Mosson, a pretrial detainee, alleging a violation of his **constitutional rights** to receive **Due Process** of Law and equal protection of the law, seeking injunctive relief.

## JURISDICTION

1) Jurisdiction of this court is invoked pursuant to **28 U.S.C. §§** 1331, 1343, 2201, 2202, 2241, 2283, 2284, and **42 U.S.C. §§** 1983, 1985, 1986, 1988 and the **First, Fourth, Fifth, Sixth, Eighth, Ninth** and **Fourteenth Amendments** to the **United States Constitution.** This is a **Civil** suit seeking justice

Pg ②

not punitive to enjoin and redress the
**deprivation** under **color of law**, of the
rights privileges and immunities of the
Plaintiff under the **United States Constitution**.
Plaintiff is seeking a cease and desist, a
temporary restraining order, a preliminary
injunction against the defendants, and
any other necessary and proper relief,
under the all writs act.

## PARTIES

2) Plaintiff is a citizen of the **United States**
and a resident of the State of Michigan
for Thirty (30) odd years or more, and
currently resides in the **Wayne County**
**Jail** in Michigan for the last four (4) and
a half plus months.

3) Defendants are court officers and agents
for the **Detroit Police Department** and agents
and employees of the **Wayne County**
**Jail** and the State of Michigan who
are in collosion to violate the Plaintiff's
rights and are flagrantly and patently

violating the laws of the **United States of America.**

## FACTS

1) April 10, 2013, without an arrest warrant shown still to date, the Plaintiff was road blocked, snatched out of a vehicle, forced to the ground and placed under arrest, being denied his **Fourth Amendment** right to be in his person against unreasonable searches and seizures. **Beck v. Ohio,** 379 U.S. 89, 3 Ohio Misc. 71, 85 S.Ct. 223, 13 L.Ed. 2d 142, 31 0.0.2d 80, states when **constitutional** valid of arrest without warrant was challenged, it was incumbent on prosecution to show with considerably more specificity than mere fact that someone told police officers something about defendant, what informer, if any, actually said to police officers making arrest without warrant and why officers thought information was credible.

2) Once in custody, Plaintiff was transported to the **Detroit Police Department** for immediate processing.

3) The Plaintiff in the instant case stated to the **Detroit Police officer**, that handcuffed him, that he wished to be represented by counsel because no information was given to Plaintiff when asked what was the reason for the arrest.

4) April 12, 2013, without an attorney present, the Plaintiff was video arraigned on the following charges:

    A) 2.C. Robbery, Armed
    B) Extortion
    C) Unlawful Imprisonment
    D) Home Invasion (First Degree)

At the initial appearance, which has been established as a "critical stage" requiring the assistance of counsel, See **White V. Maryland**, 373 U.S. 59, 83 S.Ct. 1050, 10 L.Ed.2d 193 (1963); **Mempa V. Rhay**, 389 U.S. 128, 88 S.Ct. 254, 19 L.Ed.2d 336 (1967); and **Michigan V. Jackson**, 475 U.S. 625, 106 S.Ct. 1404, 89 L.Ed.2d 631. Also the Six Amendment right as stated in **Brewer V. Williams**, 430 U.S. 387 (1977), the right to counsel "means" that a person is entitled to the help of a

lawyer at the time that judicial proceedings have been initiated against him, whether by formal charges, preliminary hearing, indictment, information or arraignment. **Brewer** goes on to conclude that once adversary proceedings have begun against a defendant, he has a Right to legal representation.

5) The Prosecutors Misconduct and Fraud on the Court are numerous. Fraud on the Court is conduct:

    A) on the part of an officer of the Court;

    B) That is directed to the judicial machinery itself;

    C) That is intentionally false, willfully blind to the truth or is in reckless disregard for the truth;

    D) That is a positive averment or a concealment when one is under duty to disclose;

    E) That deceives the Court.

See **Demjanjuk V. Petrovsky**, 10 F 3d 338, 348 (6th Cir. 1993). In other words, An officer of the Court must have intentionally or recklessly failed to disclose information to the court that would have the result of deceiving it.

Pg. ⑥

6) In the Plaintiff's case, the State has present to the Courts two (2) different witnesses in which with have made certive state-ments, which is not only inconsistent and not compatible with anothers claim, but completely conflicting statements which the Prosecution is condoning, and the record will support in the Courtroom, Discovery and the Preliminary Hearing. The Prosecutor did not Admit evidence, or correct perjured testimony, so that the magistrate Judge could accurately weigh the credibility of the witnesses or prove the defendants guilt or innocense.

7) The Prosecution has willfully presented all this to the Courts, knowing that the witnesses had made all these different statements, as being factual and true.

8) A review of Prosecutor Misconduct is "de novo" without deference to the ruling of the court below:

  People v. Bahoda, 468 Mich. 261 (1995);
  People v. Legone, 205 Mich. App. 77 (1994);

Pg 7

The Prosecutor's tactic also undermined the fundamental fairness, and contributed to a miscarriage of justice. In **U.S. V. Young,** 470 U.S. 1, 13 (1985) defendant was denied **Due Process** of law by Prosecutions use of false "evidence".

8) To show Prosecutorial Misconduct:

A) the Prosecutor presented evidence which was false;

B) the Prosecutor knew or should have known of the falsity; AND

C) the evidence was material.

See **Berger V. United States,** 295 U.S. 78, 55 S.Ct. 763, 31 L.Ed. 2d 104 (1972); **Cole V. Bell,** 161 F.3d 320, 343, (6th Cir. 1999) that the government knowingly used "false" testimony concerning a material fact and the testimony was indisputably false as in the instant case. See **Byrd V. Collins,** 209 F.3d 468, 517-18 (6th Cir. 2000). While a prosecutor is clearly authorized to strike hard blows in an earnest and vigorous prosecution, he or she is not at liberty to strike foul ones.

Pg ⑧

9) In the Plaintiff's case the Prosecution
suborn perjured testimony which is shown in
the "Memorandum to Support". It will show
that one of the witnesses stated he ran to
his apartment door and then states to the
officer that his residence is with his
Father, showing a different Address.

10) Memorandum to Support will show the
other witness referring to witness one
as simply his friend in early statements,
and in later testimony changes his
reference to roommate. In **Napue V. Illinois**,
360 U.S. 264, 269, 79 S.Ct. 1173, 3 L.Ed.2d 1217
(1959) it states that the jury estimate of the
truthfulness, and reliability of a given witness,
may well be determinative of guilt or
innocence, And it is upon such subtle
factors, as the possible interest of the
witness in testifying falsely, that a
defendant's life or liberty may depend.
As stated by the New York Court of
Appeals in a case very similar to **Napue**,
**People V. Savvides**, 1 N.Y.2d 554, 557, 154
N.Y.S.2d 885, 887, 136 N.E.2d 853, 854-855,

"A lie is a lie, no matter what its subject, and if it is in any way relevant to the case, the district attorney has the responsibility and duty to correct what he knows to be false and elicit the truth."

11) The Police in the Plaintiff's case did not properly secure and collect the evidence at the alleged crime scene, nor obtain all the video or computer drives at the establishments where the alleged crime took place.

12) The Plaintiff does not wish to be so verbose, he does not want to leave anything out.

13) In the Plaintiff case, the witnesses, one which is under the legal age, confessed to the consumption of alcohol, accompanied by the other witness, prior to the incident, were leaving the liquor store which they had purchased more alcohol to consume. These witnesses

Pg (10)

were the crux of the Authorities belief
that a crime had been committed and that
the Plaintiff had committed it. There
must be reason to conclude that the
witnesses were credible, that their information
was true, and acquired in a reliable
manner. The only evidence on the court
that the witnesses are credible sources
was the Police/detective's statement.
Evidence derived from an informant/
witness will not by itself Constitute
probable cause.

14) In the Plaintiff case, there were many
different statements, in **Aguilar V. Texas**,
378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964);
and in the Michigan Courts in **People V. Daniels**,
60 Mich. App. 458, 464, 231 N.W. 2d 386 (1975)
In this case and others the basis for
probable cause was only a witness/informant,
not the officer's observation, magistrate
should have been given all the facts to
make reasonable decision to issue the
warrant. **Spinelli V. U.S.**, 393 U.S. 410 S.Ct.
584, 21 L.Ed.2d 637 (1963) Also MCL 764.1A (1)(2),
MCR 6.101 (A)

Pg ⑪

15) Search and seizure of the Plaintiff; said matters, Fact, Documents and things were illegally and improperly presented to the Judge the presentation of the alleged evidence to the court to issue the warrant/ information filed are in violation of the **Fourth, Fifth, Sixth** and **Fourteenth Amendments to the United States Constitution.**

16) As stated in <u>Jackson V. Wainwright</u>, 390 F.2d 288 (1968) "The primary duty of a lawyer engaged in Public prosecution is not to convict, but to see that justice is done. The suppression of facts or the secreting of witnesses capable of establishing the innocence of the accused is highly reprehensible. And a violation of the **Due process** clause of the **Constitution.**

17) The Plaintiff's rights have, are **and** continues to be violated on a daily basis, just by being committed to the **Wayne County Jail** exempts the court officers, such as the Prosecutors, from absolute immunity (ordering prisoners confinement under unlawful

Pg ⑫

conditions see <u>Price v. Moody</u>, 677 F.2d. 676, 677-78 (8th Cir. 1981)).

18) The **Wayne County Jail** is a obvious violation/deprivation which has been Addressed many times in the courts and in the news, television on a regular basis. It should be aware to all agents, employees, visitors, staff at the Wayne County Jail that it is not fit to house humans period.

19) The policy at the **Wayne County Jail** violates the Plaintiff and other inmates by subjecting them to humiliation, and degrading them on a daily basis by being exposed to the opposite sex officer while in the showers, See <u>**Mills V. City of Barbourville**</u>, 389 F.3d 568, 579 (6th Cir. 2004) Also in the (11th Cir. 1993); and also the Michigan Supreme Court in **Bushing V. Wayne County**, 436 Mich. 247, 462 N.W. 2d 23, 32 (Mich. 1990) stated that exposure of genitals to persons of opposite sex is a deprivation. The Courts have constantly agreed in every circuit to this deprivation.

Pg (13)

20) In respect to the conditions of confinement, the Supreme Court said in **Bell v. Wolfish**, 441 U.S. 520, 559, 99 S.Ct. 1861 (1979) that crowding and other living conditions constitutes punishment of detainees if they inflict genuine privation and hardship over an extended period of time. Court applying **Bell** have intervened in many cases of inhumane jail conditions.

21) The Plaintiff has been incarcerated in the **Wayne County Jail** for four and a half-plus (4½+) months, on two (2) floors and now in the Third (3rd) Unit, Ward 308, which is just like the other wards.

22) Neither Guard nor Trustee's clean the day area, the units or unit 308.

23) Guards bring a mildew mop and bucket every morning to our unit with no bleach, no gloves, and no spray bottles, but maybe once a week, and then they force Plaintiff and other Pre-trial Detainees to mop and clean day area.

Pg ⑭

24) The whole unit 308 smells like feces, urine, dirty clothes and sweat.

25) Unit 308 cells are designed with a 1½ inch gap between the wall and the side of the sink/toilet units, and when Plaintiff arrived, urine and filth had accumulated over the years, the jail is over one hundred (100) years old.

26) Since the Plaintiff has been here, that side of the toilet has never been cleaned nor have the guards provided anything for us to reach in between the space to clean it.

27) Plaintiff is forced to live on units in the County Jail that has neither open windows nor proper ventilation (24) hours a day.

28) Plaintiff has been forced to take showers with black mold on the shower walls in the old and new jail.

29) Guards often bring many unknown inmates

to unit 308, from other units, to use the
shower while some of them leave blood
stains And feces on the shower walls
And floor.

30) County guards come to units, maybe once
a week, with a bucket and scrub brush for
shower, no gloves, no mask, no protective
clothing or bleach.

31) Plaintiff is forced to be housed with
inmates that have diseases such a MRSA,
Hepatitis C, HIV, etc......

32) **Wayne County** has a policy that allows
mentally ill inmates to refuse to take their
medication when they feel like it.

33) Plaintiff has been a witness to inmates
with not only bi-polar disorder, but also
paranoid schizophrenia go weeks without
receiving their medication. This keeps them
from sleeping, making them delusional, which
separates them from reality and they become
not only suicidal, but homicidal as well.

Pg(16)

34) Wayne County Jail and the Sheriff's Department has an improper Grievance procedure policy where they do not respond to all grievances, and when they decide to respond, they are very vague and dismissive.

35) During the month of Ramadhan, Plaintiff wrote numerous grievance's in regards to the treatment he recieved, with limited response.

36) Plaintiff did not recieve Halal meal before sun-rise majority of the time. Makin V. Colorado Dept. of Correction, 183 F.3d 1205, 1211-14 (10th Cir. 1999) holding failure to adjust meal schedule for Ramadhan violated the First Amendment.

37) Plaintff takes Ultrim pain medication twice a day, and was denied his morning dose through the month of Ramadhan, due to the inability to consume fluids at that hour of the day.

38) Wayne County officers would lie, and/

or sometimes cudely ignore Plaintiff when he inquired about time for prayer or breaking fast. **Omar V. Casterline**, 288 F. Supp. 2d 775, 781-82 (W.D.La. 2003) held that alleged refusal to tell a Muslim prisoner the time of day so he could follow his prayer schedule is a factual issue under the **First Amendment**.

39) The Plaintiff is a pretrial detainee facing an infamous crime which carries a life sentence, his access to the phone, and his access to the law library and stamps are not only his right, but essential to his defense.

40) The **Wayne County Commissary** in which you buy your phone time and stamps are subject at any time, if you merely question the price of an item, to stop you from acquiring the phone time, or stamps, to maintain contact with family and attorney which is essential.

41) The Supreme court held in **Bounds V.**

Smith, 430 U.S. 817, 828, 97 S.Ct. 1491 (1977) that prison officials must "assist" inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law.

42) The Plaintiff while (still to date) housed at the **Wayne County Jail**, there is not a designated day to go to the law library. Plaintiff is sometimes forced to go without the law library for three (3) weeks at a time.

43) The Plaintiff would have filed this complaint at an earlier time if he had regular access to the law library, so that he could obtain the information and the U.S. District Courts, which had injured him tremendously.

44) The violations stated above, ventilation, conditions of confinement and being forced to clean without proper protective gear is not only an extreme risk, cruel and

unusual punishment with malicious and sadistic intent, neglect, and deliberate indifference towards Plaintiffs health and right to be free from involuntary servitude as well as other rights guaranteed by the Fifth, Eighth, Thirteenth and Fourteenth Amendments to the Constitution of the United States.

45) The Plaintiff wishes to apologize to the Courts for his lack of knowledge of the law and does not wish to be too verbose, he could go on and on about the deprivations but is seeking the relief as follows:

46) The Plaintiff states, showing of a conspiracy to interfere with civil rights in violation of statue, is required, either directly or indirectly under separate statue providing cause of action against anyone who has knowledge that such conspiracy is about to be committed and having power to prevent or aid in preventing of such conspiracy, neglects

or refuses so to do, status does
not require that defendants themselves
participated in such conspiracy or shared
in discriminatory animus with members
of conspiracy 42 U.S.C.A. §§ 1985, 1986.
See Park V. City of Atlanta, 120 F.3d.1157, (1997)


## Relief

WHEREFORE, the Plaintiff prays that this
Honorable Court:

A) Assume jurisdiction of this action
   and set it down promptly for a
   hearing.
B) Pending a hearing on this action,
   grant a temporary restraining order,
   restraining defendants, his
   successors in office, their
   agents and employees, and all other
   persons acting in concert with
   them from prosecuting the Plaintiff
   on the warrant or information
   pending against him.

C) Enter preliminary and permanent
injunctions, pursuant to **Rule 65**
of the **Federal Rules** of Civil
**Procedure**, enjoining defendants
their successors in office, Agents
and employees, and all other
persons Acting in concert with
them from prosecuting Plaintiff
on the information and warrant
pending against Plaintiff.

D) Enter a final judgement declaring
that defendants prosecution and
the Housing of him violated his
rights under the **First, Fourth, Fifth,
Sixth, Eighth** and **Fourteenth
Amendments** to the **United States
Constitution.**

E) Grant any further, different
or Alternative relief which the
Plaintiff maybe entitled in the
premises

F) The Plaintiff wishes the
Honorable Court to grant a(n) order
for A **CEASE** and **DESIST** in the
interest of Justice, and to stop A

Pg (22)

miscarriage of Justice.
G) The Plaintiff wishes the
Honorable Court grant a order
stating that he And David
Glenn Fowler, on Ward 308,
in the Wayne County Jail, I.D.
#2012004775, stay together so
we can help each other in
our cause and action.

## Pursuant to 28 U.S.C. § 1746

I declare under penalty of perjury
that the foregoing is true and correct.
On this         day of            2013.

Signed

#2013008241          Keith Jamac Mosson
Division2-Ward 308
525 Clinton St.
Detroit, MI. 48226

Pg (23)

Divisio
525 Clinton St.
Detroit, MI. 48226

Freedom      Liberty      Equality
FOREVER      FOREVER      FOREVER

Pris

United States District Court
For the Eastern District of Michigan
Office of the Clerk
231 West Lafayette Blvd - Room 564
Detroit, MI. 48226

Legal Mail

# CIVIL COVER SHEET FOR PRISONER CASES

| Case No. 13-13771 | Judge: Arthur J. Tarnow | Magistrate Judge: Paul J. Komives |
|---|---|---|

| Name of 1st Listed Plaintiff/Petitioner: | Name of 1st Listed Defendant/Respondent: |
|---|---|
| KEITH MOSSON | WAYNE COUNTY PROSECUTORS OFFICE, ET AL |

| Inmate Number: 2013008241 | Additional Information: |
|---|---|

**Plaintiff/Petitioner's Attorney and Address Information:**

**Correctional Facility:**

Wayne County Jail - Division 1

570 Clinton Street
Detroit, MI 48226
WAYNE COUNTY

**BASIS OF JURISDICTION**
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question

**NATURE OF SUIT**
- ☐ 530 Habeas Corpus
- ☐ 540 Mandamus
- ☒ 550 Civil Rights
- ☐ 555 Prison Conditions

**ORIGIN**
- ☒ 1 Original Proceeding
- ☐ 5 Transferred from Another District Court
- ☐ Other:

**FEE STATUS**
- ☒ IFP *In Forma Pauperis*
- ☐ PD Paid

**PURSUANT TO LOCAL RULE 83.11**

1. **Is this a case that has been previously dismissed?**
   - ☐ Yes   ☒ No
   - ➢ **If yes, give the following information:**

     Court: _____

     Case No: _____

     Judge: _____

2. **Other than stated above, are there any pending or previously discontinued or dismissed companion cases in this or any other court, including state court? (Companion cases are matters in which it appears substantially similar evidence will be offered or the same or related parties are present and the cases arise out of the same transaction or occurrence.)**
   - ☐ Yes   ☒ No
   - ➢ **If yes, give the following information:**

     Court: _____

     Case No: _____

     Judge: _____

MIED (Rev. 07/06)  Civil Cover Sheet for Prisoner Cases