UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEITH JAMAR MOSSON,

                Plaintiff,

                                             CASE NO. 13-13771

v.                                     HON. ARTHUR J. TARNOW

**WAYNE COUNTY PROSECUTOR'S OFFICE**;
ASSISTANTS ASHLEY CIAFFONE,
JOHN CASEY, and all JANE and JOHN DOE(S);
**JUDGE**:  LYNISE BRYANT-WEEKES;
**ATTORNEYS**: RONALD McDUFFIE
and RICHARD W. GLANDA;
**THE DETROIT POLICE DEPARTMENT**;
TREVA EATON, MICHAEL MOSLEY,
ROBERT LALONE, DARRYL DAVIS,
PAUL PESMARK, OFFICERS OF THE
HEADQUARTERS SURVEILLANCE UNIT,
any and all JANE and JOHN DOE(S);
**WAYNE COUNTY SHERIFF'S OFFICE**;
BENNY NAPOLEON, CAPTAIN ROBERSON,
CAPTAIN SABBAGH, COMMANDER GATTI,
and any and all JANE and JOHN DOE(S);
**WAYNE COUNTY JAIL MEDICAL PROVIDERS**;
NURSE GILLERY and any and all JANE
and JOHN DOE(S); **WAYNE COUNTY JAIL
COMMISSARY**; and all JANE and JOHN DOE(S),

                Defendants.
_____/

**ORDER SUMMARILY DISMISSING THE DEFENDANTS
ASSOCIATED WITH THE ARREST AND PROSECUTION OF PLAINTIFF,
DENYING AS MOOT PLAINTIFF'S MOTION TO AMEND,
DENYING PLAINTIFF'S PETITION FOR REMOVAL,
AND GRANTING APPOINTMENT OF COUNSEL**

# I.  Introduction

Plaintiff Keith Jamar Mosson, a pretrial detainee at the Wayne County Jail in Detroit, Michigan, recently filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. Also pending before the Court are Plaintiff's motion to correct the docket and his petition for removal of his state criminal case to federal court.

The defendants are county and municipal entities, employees of those entities, and two attorneys who represented Plaintiff for a time in his state criminal case.  Plaintiff sues the defendants in their individual and official capacities for declaratory and injunctive relief.  The complaint and supporting briefs allege that, on April 10, 2103, Plaintiff was removed from his vehicle, forced to the ground, and arrested without a warrant.  Plaintiff states that he was taken to the Detroit Police Department for processing, but not informed of the reason for his arrest.  On April 12, 2013, he was arraigned without the assistance of an attorney on charges of armed robbery, extortion, unlawful imprisonment, and home invasion in the first degree.

Plaintiff claims that the police did not properly secure and collect evidence from the crime scene, the prosecution committed a fraud on the state court, and, at a preliminary hearing, witnesses made inconsistent and contradictory statements, which the prosecutor failed to correct.  Additionally, according to Plaintiff, his attorneys were ineffective during certain pretrial stages of the prosecution.

Plaintiff also alleges that conditions at the Wayne County Jail are inhumane.  He claims that it is a policy at the jail to humiliate and degrade inmates by allowing members

2

of the opposite sex to observe them while they shower.  He also claims that the housing units and day area are not cleaned properly, that there is a lack of proper ventilation, that there is black mold on the shower walls, and that he is forced to live with inmates who are diseased and mentally ill.  In addition, Plaintiff claims that grievance procedures at the jail are inadequate, that he was denied medication during Ramadan, that he has limited access to a law library at the jail, and that he has inadequate access to a telephone.

Plaintiff seeks an order enjoining the defendants from prosecuting him on the pending warrant or information and a declaratory judgment that the prosecution and conditions of confinement violate his constitutional rights.  He seeks any further relief to which he may be entitled and an order stating that he and another inmate should be permitted to stay together so that they can help one another.

## II.  Legal Standard

Due to Plaintiff's indigence, the Court has granted him permission to proceed without prepayment of the fees and costs for this action.  When screening a prisoner's complaint, a federal district court

> must examine both § 1915(e)(2) and § 1915A.  If the civil action seeks redress from a governmental entity, officer, or employee, the district court must dismiss the complaint, or any portion of the complaint, which (a) is frivolous, malicious, or fails to state a claim upon which relief may be granted, or (b) seeks monetary relief from a defendant who is immune from monetary relief. 28 U.S.C. §§ 1915(e)(2), 1915A.

*Smith v. Campbell*, 250 F.3d 1032, 1036 (6th Cir. 2001).  A complaint is frivolous if it lacks an arguable basis in law or in fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

3

"To state a claim under 42 U.S.C. § 1983, a plaintiff must set forth facts that, when construed favorably, establish (1) the deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under the color of state law. *Sigley v. Parma Heights*, 437 F.3d 527, 533 (6th Cir. 2006).  While a complaint need not contain "detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)  . . . ."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  "So, to survive scrutiny under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii), 'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'"  *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678.

### III.  Analysis

As noted above, Plaintiff is challenging his arrest on criminal charges and a pending prosecution in state court.  He seeks to prevent the defendants from prosecuting him on the pending warrant and information or to have his criminal case removed from state court to federal court.  When, as here, "a prisoner seeks to attack both the conditions of his confinement and the fact or length of that confinement, his latter claim . . . is cognizable only in federal habeas corpus, with its attendant requirement of exhaustion of

4

state remedies." *Preiser v. Rodriguez*, 411 U.S. 475, 499 n.14 (1973). Thus, Plaintiff's

request for habeas relief is not cognizable in this § 1983 action.

Additionally, "[i]ntrusion into state proceedings already underway is warranted

only in extraordinary circumstances." *Atkins v. Michigan*, 644 F.2d 543, 546 (6th Cir.

1981). Federal courts ordinarily

> should "permit state courts to try state cases free from interference by
> federal courts." *Younger v. Harris*, 401 U.S. 37, 43, 91 S.Ct. 746, 27
> L.Ed.2d 669 (1971). The underlying concern of *Younger* is the "threat to
> our federal system posed by displacement of state courts by those of the
> National Government." *Moore v. Sims*, 442 U.S. 415, 423, 99 S.Ct. 2371,
> 60 L.Ed.2d 994 (1979). The Sixth Circuit has held that *Younger* abstention
> is appropriate "when the state proceeding (1) is currently pending, (2)
> involves an important state interest, and (3) affords the plaintiff an adequate
> opportunity to raise constitutional claims." *Coles v. Granville*, 448 F.3d
> 853, 865 (6th Cir. 2006).

*Eidson v. Tennessee Dep't of Children's Servs.*, 510 F.3d 631, 638 (6th Cir. 2007).

There is a criminal prosecution currently pending against Plaintiff in state court,

and it involves "the important state interest of punishing conduct proscribed by statute . . .

." *Miskowski v. Peppler*, 36 F. App'x 556, 557 (6th Cir. 2002). The criminal process,

moreover, affords Plaintiff an adequate opportunity to raise his constitutional claims. The

Court therefore abstains from addressing the merits of Plaintiff's claims about the

pending prosecution. As a result, the following entities and individuals are summarily

dismissed without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b): the

Wayne County Prosecutor's Office; assistant Wayne County prosecutors A. Ciaffone,

John Casey, and Jane and John Doe(s); Judge Lynise Bryant-Weekes; attorneys Ronald

McDuffie and Richard W. Glanda; the Detroit Police Department and its Headquarters
Surveillance Unit; officers Treva Eaton, Michael Mosley, Robert Lalone, Darryl Davis,
and Paul Pesmark; and the officers identified as Jane and John Doe(s).

Plaintiff has stated arguable claims about the conditions of confinement at the
Wayne County Jail.  Consequently, the Court will appoint counsel to represent Plaintiff.
In addition, the Court **ORDERS** the United States Marshal to serve the complaint and
appropriate papers on the Wayne County Sheriff's Office, Benny Napoleon, Captain
Roberson, Captain Sabbagh, Commander Gatti, and Nurse Gillery without prepayment of
the costs for such service.  The Marshal may collect the usual and customary costs from
Plaintiff after effecting service.

The Court **ORDERS** Plaintiff to serve a copy of all future documents on the
defendants or on defense counsel if legal counsel represents the defendants.  Plaintiff
shall attach to all original documents filed with the Clerk of the Court a certificate stating
the date that Plaintiff mailed a copy of the original document to the defendants or to
defense counsel.  The Court will disregard any paper received by a district judge or a
magistrate judge if the paper has not been filed with the Clerk or if it fails to include a
certificate of service.

### IV.  The Pending Motion and Petition

In his "Motion to Correct Request for Jury Demand," Plaintiff asks the Court to
correct its docket sheet to reflect the fact that Plaintiff requested a jury trial.  The Clerk of
the Court has already made the correction.  Therefore, Plaintiff's motion to amend (ECF

6

No. 8) is **DENIED** as moot.

The petition for removal seeks to have the criminal prosecution removed from state court to this Court pursuant to 28 U.S.C. §§ 1443 and 1446.  Section 1446 is not applicable because it applies to the removal of civil actions.

Section 1443 allows for the removal of criminal prosecutions from state court, but removal is permitted only against a person who cannot enforce his or her civil rights in state court.  28 U.S.C. § 1443(1).  Plaintiff claims that he is being denied an impartial jury and a fair trial because he is an African American Muslim in a county with a small percentage of African American Muslims and because the judge, prosecutor, and alleged victims are Anglo Americans.  The fact that Plaintiff may be a minority does not necessarily mean he will not have an impartial jury or a fair trial or that he cannot enforce his right to equal protection of the law in state court.  The Court therefore **DENIES** Plaintiff's petition for removal of his case from state court (ECF No. 19.)


                                        s/Arthur J. Tarnow
                                        ARTHUR J. TARNOW
                                        UNITED STATES DISTRICT JUDGE

Dated: January 14, 2014

7