UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTICT OF MICHIGAN
SOUTHERN DIVISION

KEITH MOSSON,

        Plaintiff,        Civil Action No. 13-13771
                                    Honorable Arthur J. Tarnow
v.                                  Magistrate Judge Elizabeth A. Stafford

WAYNE COUNTY
PROSECUTORS OFFICE, et al.,

        Defendants.
_____/

**ORDER DENYING PLAINTIFF**
**COUNSEL'S MOTION TO WITHDRAW [55]**

On September 4, 2013, plaintiff Keith Mosson, a state prisoner, filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. On January 14, 2014, the Honorable Arthur J. Tarnow entered an order finding, among other things, that because Mosson "stated arguable claims about the conditions of confinement at the Wayne County Jail[,] … the Court will appoint counsel to represent [him]." [24, Pg ID 255]. On April 15, 2015, the Court assigned attorney Chad Franchy to represent Mosson as *pro bono* counsel. [47]. Judge Tarnow referred the case to this Court to resolve all pretrial matters pursuant to 28 U.S.C. § 636(b)(1)(A) and (B).

Before the Court is attorney Franchy's motion to withdraw as Mosson's counsel. [55]. Franchy orally moved to withdraw as counsel

during a March 6, 2015 status conference on the record, and the Court directed him to file a written motion [54], which he did on March 10, 2015. Mosson opposes Franchy's motion to withdraw. [59].

In support of his motion, Franchy says Mosson does not respond to written correspondence, has abruptly hung up during phone conversations, has refused to accept phone calls[1], has not provided information to help acquire evidence, and has filed a motion to strike the complaint without first consulting with him. Furthermore, Franchy says Mosson has attempted to contact him through phone numbers that he never provided to his client, which has allegedly resulted in family members receiving calls from Kinross Correctional Facility from Mosson and one other inmate.

Mosson says that from the time counsel was appointed, he has only received one letter from Franchy; that he has sent multiple letters to Franchy without reply; and that he has never deliberately hung up on Franchy, but that the prison phone system allows a one-minute complimentary call that disconnects if funds are not added. In December 2014, Mosson sent the Court a letter that supports these assertions. [52]. In the letter, Mosson voiced concern that Franchy was not receiving his

---

[1] In his response, Mosson points out that as an inmate he is unable to receive or accept incoming calls. [59, Pg ID 344]. Franchy does not specify how he attempted to call Mosson and he fails to explain how he could even do so.

letters – among which included "a witness list and names of individuals that [Mosson] wanted [Franchy] to [depose]" – and requested the Court's assistance to contact him. Mosson stated:

> I have written Mr. Franchy multiple time[s], with no response. I received one corresponding letter from him in the 8 months that he has been on my case, in which it was dated '6-14-14', approximately six (6) months ago. I have called him collect multiple times, with no avail, with the exception of one (1) complimentary phone call that lasts one (1) minute….

[52, Pg ID 324]. Mosson says he has not discussed the strategy of his case with Franchy because they have only spoken one time for one minute, and that he only filed the motion to strike to make the Court aware of Defendants' failure to respond to the complaint.

Mosson admits that he called Franchy on two phone numbers which his brother found on a law firm's website, but he maintains that he had no knowledge that either number belonged to Franchy's family members. He also admits that he provided those numbers to an inmate who was seeking assistance with a civil action, upon belief that they were Franchy's business numbers. Franchy did not reply to Mosson's response.

When representing an incarcerated client, attorneys face challenges that are not present in the case of a free individual, and it is not unusual that miscommunications occur, or that client expectations are not fully satisfied. Nevertheless, an attorney representing an incarcerated client

3

owes the same duties as if the client was not incarcerated. In this case, Judge Tarnow found that Mosson alleged certain arguable claims, and for that reason the Court appointed *pro bono* counsel to help him navigate this action. This case is over a year and a half old, and counsel was appointed over a year ago. It is important to all parties and the Court that the case move forward and that Mosson's interests be adequately represented.

All of the concerns Franchy expresses in his motion are the result of a breakdown in the communication between him and Mosson. Based on the filings, it appears that Franchy has not been as proactive as he should have been in maintaining contact with Mosson and in prosecuting the case. Mosson, eager to proceed with his case but unable to contact his counsel, justifiably became concerned. It is Franchy's duty to communicate with Mosson regarding the progress of this action, and he must zealously represent Mosson's rights.

The Court greatly appreciates Franchy's willingness to provide *pro bono* legal assistance in this case; he is performing an important service for the system of justice. Having said that, Franchy owes the same duties to Mosson that he does to every client and he cannot walk away from his obligations in a manner that would prejudice Mosson.

Despite the previous breakdown in communication, the Court is not

convinced that the misunderstandings between Mosson and Franchy signify an irreparable break in the attorney-client relationship that warrants withdrawing as counsel.

Franchy's concerns can be resolved by him communicating better with Mosson. Franchy's motion to withdraw [55] is **DENIED**, and the Court orders that:

1. Within 10 days after entry of this order, Franchy must provide Mosson with his updated contact information, including the phone number(s) and address at which he can be contacted;

2. Mosson may only contact Franchy at the phone number(s) and address Franchy provides, and he may not contact Franchy excessively or provide that contact information to other inmates;

3. Within 14 days after entry of this order, Franchy must visit Mosson, or arrange a time and way for Mosson to contact him, to discuss the progress and strategy of the case, and he must remain in reasonable contact with Mosson throughout the remainder of this litigation;

4. Mosson must assist Franchy with the prosecution of his action by providing him with any information his counsel requests; and

5. Mosson may not file any additional pleadings in this case without first discussing the pleading with Franchy, and he must allow Franchy to file the pleading if feasible.

**IT IS ORDERED**.

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: April 17, 2015

## **NOTICE TO THE PARTIES REGARDING OBJECTIONS**

The parties' attention is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days from the date of receipt of a copy of this order within which to file objections for consideration by the district judge under 28 U.S. C. §636(b)(1).  Unless ordered otherwise by the Court, the filing of an appeal to the District Judge does not stay the parties' obligations in this Order.  *See* E.D. Mich. LR 72.2.

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 17, 2015.

s/Marlena Williams  
MARLENA WILLIAMS  
Case Manager
