UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTICT OF MICHIGAN
SOUTHERN DIVISION

KEITH MOSSON,

        Plaintiff,        Civil Action No. 13-13771
                                      Honorable Arthur J. Tarnow
v.                                         Magistrate Judge Elizabeth A. Stafford

WAYNE COUNTY
PROSECUTORS OFFICE, et al.,

        Defendants.
_____/

**ORDER DENYING PLAINTIFF'S MOTION TO STRIKE
DEFENDANTS' ANSWER TO THE COMPLAINT [50] AND
DENYING PLAINTIFF'S MOTION FOR TELECONFERENCE [51]**

      On September 4, 2013, plaintiff Keith Mosson, a state prisoner, filed a *pro se* civil rights complaint under 42 U.S.C. § 1983 against county and municipal entities and employees of those entities ("Defendants"[1]). The Honorable Arthur J. Tarnow appointed *pro bono* counsel to represent Mosson in this action [R. 47] and referred the case to this Court to resolve all pretrial matters pursuant to 28 U.S.C. § 636(b)(1)(A) and (B). Before the Court are two motions Mosson filed *pro se*: a motion to strike Defendants' answer to the complaint [R. 50] and a motion for teleconference [R. 51].

      In his motion to strike, Mosson says Defendants were sent waivers of

---

[1] On January 14, 2014, the Court summarily dismissed all but five Defendants in the case. [R. 24].

1

service that indicate their answer to the complaint was due April 14, 2014, but Defendants did not file an answer until June 30, 2014. He argues the Court should strike Defendants' answer because it was not filed by April 14, 2014. Mosson's arguments are without merit.

The usual procedural rules for answering complaints do not apply in § 1983 actions. *Jones v. Bock*, 549 U.S. 199, 200 (2007). Specifically, pursuant to 42 U.S.C. § 1997e(g)(1), a defendant may waive the right to reply to an action brought by a prisoner under § 1983, and such waiver does not constitute an admission of the allegations pleaded in the complaint. Furthermore, in such cases "[n]o relief shall be granted to the plaintiff unless a reply has been filed" by the defendant. § 1997e(g)(1). Because Defendants were not required to reply to the complaint without Court order, Mosson's motion to strike [R. 50] is **DENIED**.

Mosson requests a teleconference to, among other things, "help facilitate communication between Plaintiff and Appointed Counsel" and "allow Plaintiff the opportunity to understand the course the Appointed Counsel is taking…." [R. 51, PgID 321]. In a recent order, the Court ordered counsel to confer with Mosson regarding these same issues. [R. 60]. A court-sanctioned teleconference is therefore unnecessary. Mosson's motion for teleconference [R. 51] is **DENIED**.

**IT IS ORDERED**.

                                                s/Elizabeth A. Stafford
                                                ELIZABETH A. STAFFORD
                                                United States Magistrate Judge

Dated: April 17, 2015

## NOTICE TO THE PARTIES REGARDING OBJECTIONS

The parties' attention is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days from the date of receipt of a copy of this order within which to file objections for consideration by the district judge under 28 U.S. C. §636(b)(1). Unless ordered otherwise by the Court, the filing of an appeal to the District Judge does not stay the parties' obligations in this Order. *See* E.D. Mich. LR 72.2.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 17, 2015.

                                                s/Marlena Williams
                                                MARLENA WILLIAMS
                                                Case Manager