UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEITH JAMAR MOSSON,

          Plaintiff,

v.

BENNY NAPOLEON, ET AL.,

          Defendants.

_____/

Case No. 13-13771

SENIOR U.S. DISTRICT JUDGE
ARTHUR J. TARNOW

U.S. MAGISTRATE JUDGE
ELIZABETH A. STAFFORD

## ORDER SUSTAINING PLAINTIFF'S OBJECTION TO MAGISTRATE JUDGE'S ORDER [76]; GRANTING PLAINTIFF'S MOTION FOR APPOINTMENT OF SUBSTITUTE COUNSEL [71]; AND STAYING CASE

On December 19, 2015, the Magistrate Judge issued an Order [75]

summarizing the background of this case as follows:

> Mosson commenced this action in September 2013 by filing a *pro se* complaint under 42 U.S.C. § 1983. On January 14, 2014, Judge Tarnow entered an order finding, among other things, that because Mosson "stated arguable claims about the conditions of confinement at the Wayne County Jail[,] … the Court will appoint counsel to represent [him]." [R. 24, Pg ID 255]. On April 15, 2014, the Court assigned attorney Chad Franchy to represent Mosson as *pro bono* counsel. [R. 47].
>
> On March 10, 2015, Franchy moved to withdraw as counsel, and Mosson objected. [R. 55; R. 59]. On April 17, 2015, the Court entered an order denying Franchy's motion to withdraw and requiring, among other things, that:
>
> > 1. Within 10 days after entry of this order, Franchy must provide Mosson with his updated contact information,

1 of 4

> including the phone number(s) and address at which he
> can be contacted; [and]
>           . . .
> 3. Within 14 days after entry of this order, Franchy must
> visit Mosson, or arrange a time and way for Mosson to
> contact him, to discuss the progress and strategy of the
> case, and he must remain in reasonable contact with
> Mosson throughout the remainder of this litigation….

[R. 60, PgID 354].

> On October 2, 2015, the Court received a letter from Mosson in
> which he claims that Franchy failed to comply with the Court's order
> and that he "has yet to hear from [Franchy]." [R. 64, PgID 363].
> Franchy responded to the letter by filing a renewed motion to
> withdraw. [R. 66]. Mosson responded to Franchy's motion [R. 73] and
> filed a motion for substitute counsel [R. 71], motion for sanctions
> [R. 72], and motion to compel production of documents [R. 74].

In the same Order [75], the Magistrate Judge granted Franchy's renewed motion to

withdraw and denied Plaintiff's motions, including his motion for appointment of

substitute counsel.  On December 24, 2015, Plaintiff filed the instant Objection

[76] to the Magistrate Judge's order.  He filed a supporting Affidavit and Exhibit

[77] on December 28, 2015.

Plaintiff's argument concerns only his motion for appointment of substitute

counsel.  The Magistrate Judge analyzed that motion as follows:

> Pursuant to 28 U.S.C. § 1915(e)(1), "[t]he court may request an
> attorney to represent any person unable to afford counsel."
> Appointment of counsel under § 1915(e)(1) is not a constitutional
> right in a civil action; a district court is vested with broad discretion to
> determine whether "exceptional circumstances" warrant such an
> appointment. *Lavado v. Keohane*, 992 F.2d 601, 604-06 (6th Cir.
> 1993). In making this determination, the Court considers the nature of
> the case, the party's ability to represent himself, the complexity of the

legal and factual issues, and whether the claims are frivolous or have a small likelihood of success. *Id.* Appointment of counsel pursuant to § 1915(e)(1) is rare because "there are no funds appropriated to pay a lawyer or to even reimburse a lawyer's expense." *Clarke v. Blais*, 473 F. Supp. 2d 124, 125 (D. Me. 2007).

Although counsel was previously appointed, the Court finds that Mosson does not show exceptional circumstances meriting the appointment of counsel based on a consideration of the relevant factors. This case is not unusually complex. Further, Mosson's filings demonstrate that he understands the nature of his claims and that he has adequate access to the court. In addition to filing a thorough complaint, Mosson has filed numerous so-called memoranda of law, which address the legal issues presented [*see generally* R. 6 – R. 23]; he responded to Franchy's motion to withdraw and renewed motion to withdraw; and he has filed several motions throughout this litigation, in addition to the three presently before the Court [*see, e.g.,* R. 50; R. 51]. Mosson can adequately represent his own interests.

Mosson's reliance on having no legal education or experience does not constitute an exceptional circumstance that justifies the appointment of counsel, as the same is true for the majority of pro se prisoner litigants. Further, although Mosson is correct that it is important to all parties that the case move forward, this consideration does not support his request for new counsel. Mosson filed this suit in September 2013. However, due in part to the breakdown in the attorney-client relationship, the Court's discovery deadline has passed without discovery being completed, such that discovery and the dispositive motion cut-off date, December 15, 2015, must be extended. Appointing counsel would further delay the progress of this case. The Court would have to locate an attorney willing to take the pro bono appointment, and that attorney would need time to familiarize him or herself with the facts and confer with Mosson regarding the case. Because the Court finds that Mosson can adequately represent his own interests, appointment of counsel is unnecessary at this juncture. Should Mosson survive dispositive motions, he may renew his motion for counsel at that time.

The Court will sustain Plaintiff's objection and request that substitute pro bono counsel represent him. Plaintiff's Complaint alleges inadequate access to the

law library, and Plaintiff now asserts that the quality of his previous filings was made possible by the assistance of other inmates, which has recently been withdrawn.  The Court therefore lacks the Magistrate Judge's confidence in Plaintiff's ability to adequately represent himself.  Further, although a request for substitute counsel will require further delay, the assistance of counsel may ultimately expedite resolution of the case (e.g., by facilitating settlement).  Counsel's ability to contribute to efficient resolution of the case will be all but lost if Plaintiff is barred from requesting new counsel, as the Magistrate Judge ruled, until after surviving dispositive motions.

Accordingly,

**IT IS ORDERED** that Plaintiff's Objection [76] is **SUSTAINED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Appointment of Substitute Counsel [71] is **GRANTED**.

**IT IS FURTHER ORDERED** that the case is **STAYED** pending resolution of the Court's request for substitute pro bono counsel to represent Plaintiff.

**SO ORDERED**.


                                        s/Arthur J. Tarnow
                                        Arthur J. Tarnow
Dated: January 8, 2016                  Senior United States District Judge