UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEITH JAMAR MOSSON,

                Plaintiff,

v.

WAYNE COUNTY SHERIFF'S OFFICE, ET
AL.

                Defendants.
_____/

Case No. 13-13771

SENIOR U.S. DISTRICT JUDGE
ARTHUR J. TARNOW

U.S. MAGISTRATE JUDGE
ELIZABETH A. STAFFORD

## ORDER GRANTING WAYNE COUNTY DEFENDANTS' MOTION TO DISMISS [83]

This is a prisoner civil rights action brought by a Michigan state prisoner pursuant to 42 U.S.C. § 1983 in which he alleges violations of his 5th, 8th, 13th, and 14th Amendment rights. *Pro se* Plaintiff Keith Mosson claims that officials in the Wayne County Sheriff's Office and the Wayne County Jail Commissary (hereinafter "Wayne County Defendants") violated his constitutional rights while a pretrial detainee at the Wayne County Jail in Detroit, Michigan. Defendants filed a Motion to Dismiss [Dkt. #83] on May 16, 2016.

For the reasons stated below, Defendants' Motion to Dismiss [83] is **GRANTED**.

### FACTUAL BACKGROUND

Plaintiff Keith Jamar Mosson commenced this action on September 4, 2013 by filing a *pro se* complaint under 42 U.S.C. § 1983. At that time, Defendants were

county and municipal entities, employees of those entities, and two attorneys who represented Plaintiff in his state criminal case. Plaintiff alleged a variety of wrongdoing on the part of the Detroit Police Department, the Wayne County Prosecutor's Office, and several other defendants. Plaintiff also argued that his attorneys were ineffective during certain pretrial stages of the prosecution.

In his complaint, Plaintiff makes a variety of claims regarding the conditions of confinement at the Wayne County Jail. In sum, he states that jail staff routinely humiliate and degrade inmates by depriving them of private, safe, and clean living conditions. In addition, Plaintiff notes the inadequacy of the grievance procedures in place at the jail. He further argues that Defendant Nurse Gillery denied him his medication during Ramadan and that he had insufficient access to the telephones and the law library at the jail.

## PROCEDURAL HISTORY

After commencing this action, Plaintiff filed more than 10 Memoranda of Law in support of his various claims [Dkt. #6-23].[1] On January 14, 2014, the Court entered an Order [24] summarily dismissing the Wayne County Prosecutor's Office; Assistant Wayne County Prosecutors Ashley Ciaffone, John Casey, and Jane and John Doe(s); Judge Lynise Bryant-Weekes; attorneys Ronald McDuffie and Richard W. Glanda; the Detroit Police Department and its Headquarters Surveillance Unit; Officers Treva

---

[1] For example, Plaintiff filed Memoranda of Law in Support of: Deprivations and Violations of the Fourth and Fourteenth Amendments; Fraud Upon the Court, Prosecutorial Misconduct, and Conspiracy; Deprivation of Sixth Amendment Right to Counsel; Malicious Prosecution; and Ineffective Assistance of Counsel (among others).

Eaton, Michael Mosley, Robert Lalone, Darryl Davis, and Paul Pesmark; and the officers identified as John and Jane Doe.

In its Order of January 14, 2014, the Court also determined, among other things, that because Mosson "stated arguable claims about the conditions of confinement at the Wayne County Jail[,] … the Court will appoint counsel to represent [him]." On April 15, 2014, the Court assigned attorney Chad Franchy to represent Mosson as *pro bono* counsel [47].  Attempts at an effective attorney-client relationship between Franchy and Mosson were unsuccessful, and on January 14, 2016, the Court affirmed the Magistrate Judge's Order Granting Plaintiff's Counsel's Renewed Motion to Withdraw and Denying Plaintiff's Motion for Appointment of Substitute Counsel [79]. On April 15, 2016, the remaining Defendants[2] filed the instant Motion to Dismiss. Plaintiff Mosson filed a Response on June 6, 2016 [88].

### STANDARD OF REVIEW

When deciding a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must "assume the veracity of [the plaintiff's] well-pleaded factual allegations and determine whether the plaintiff is entitled to legal relief as a matter of law." *McCormick v. Miami Univ.*, 693 F.3d 654, 658 (6th Cir. 2012) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009); *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993)).  "To survive a motion to dismiss, a complaint must contain sufficient factual

---

[2] The remaining defendants are the Wayne County Sheriff's Office, Benny Napoleon, Captain Roberson, Captain Sabbagh, Commander Gatti, Nurse Gillery, the Wayne County Jail Commissary, and any and all Jane and John Does.

matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678. The plaintiff establishes facial plausibility by pleading "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *16630 Southfield Ltd., P'Ship v. Flagstar Bank F.S.B.*, 727 F.3d 502, 603 (6th Cir. 2013). Though *pro se* plaintiffs are held to less stringent standards than formal pleadings drafted by lawyers, "courts should not have to guess at the nature of the claim asserted." *Frengler v. Gen. Motors*, 482 F. App'x 975, 976-77 (6th Cir. 2012).

The Prison Litigation Reform Act's exhaustion requirement provides: "No action shall be brought with respect to prison conditions under . . . 42 U.S.C. § 1983, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997(e)(a). Proper exhaustion requires the prisoner to comply "with an agency's deadlines and other critical procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 90 (2006).

The Supreme Court has determined that "failure to exhaust is an affirmative defense under the PLRA, and . . . inmates are not required to plead specially or demonstrate exhaustion in their complaints." *Jones v. Bock*, 549 U.S. 199, 216 (2007). The defense of failure to exhaust "may serve as a basis for dismissal only if raised and

proved by the defendants." *Washington v. Johnson*, 2011 U.S. Dist. LEXIS 127605, at *8 (E.D. Mich. 2011), *report and recommendation adopted*, No. 04-CV-10352, 2008 U.S. Dist. LEXIS 123084 (E.D. Mich. 2008).

In light of *Jones*, the Sixth Circuit has held that courts should not impose onerous technical requirements on prisoners who comply with the spirit and purpose of the administrative exhaustion rules; "it is sufficient for a court to find that a prisoner's [grievance] gave prison officials fair notice of the alleged mistreatment or misconduct that forms the basis of the constitutional or statutory claim made against a defendant in a prisoner's complaint." *Bell v. Konteh*, 450 F.3d 651, 654 (6th Cir. 2006) (internal citations omitted). Nevertheless, "[t]here is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." *Jones*, 549 U.S. at 211.

## ANALYSIS

Plaintiff Mosson makes numerous allegations in his complaint about the conditions of confinement at Wayne County Jail. He asserts claims regarding the humiliation and degradation of inmates while in the showers by exposure to corrections staff of the opposite sex; the unsanitary conditions of his unit; inadequate grievance procedures; the inappropriate commingling of different groups of inmates; lack of access to the law library; problematic interactions with commissary staff; lack of, or inconsistent, response from corrections staff regarding time for prayer or breaking fast; the inconsistent receipt and/or denial of his Halal meals before sunrise

during the month of Ramadan; and the denial of his morning dose of pain medication
by Nurse Gillery.

The record in this case reveals that the majority of these allegations do not
correspond to the grievances filed by Plaintiff while he was a detainee at Wayne
County Jail. It is apparent that Plaintiff has a number of concerns about the conditions
of confinement at Wayne County Jail. However, he failed to file grievances regarding
most of these concerns, with the exception of the denial of pain medication and the
untimely delivery of breakfast during the month of Ramadan. Moreover, the
grievances filed by Plaintiff do not indicate any of the named defendants and cannot
be said to put any of them on notice, the exception being Nurse Gillery.[3] *See Bell*, 450
F.3d at 654 (explaining that the purpose of a prisoner's grievance is to give officials
notice of the misconduct and provide them with the opportunity to address it).

With respect to most of Plaintiff's allegations discussed in the complaint, it is
clear that Plaintiff did not exhaust his administrative remedies. There is no evidence
indicating that Plaintiff ever took steps to initiate the grievance process with regards
to his numerous claims. There is nothing in the record showing, for instance, that
Plaintiff filed grievances regarding the inadequate access to the law library or the
unsanitary conditions on the unit. "In order to comply with the PRLA's exhaustion
requirement, an inmate may only exhaust his claim 'by taking advantage of each step

---

[3] The Court notes that Plaintiff mentions an individual named Cassandra Suber in his grievance dated July
17, 2013. This individual is not a party to this lawsuit.

the prison holds out for resolving the claim internally and by following the critical procedural rules of the prison's grievance procedure to permit prison officials to review and . . . correct the grievance on the merits.'" *Troche v. Crabtree*, 814 F.3d 795, 799 (6th Cir. 2016) (quoting *Reed-Bey v. Pramstaller*, 603 F.3d 322, 324 (6th Cir. 2010)); *see also Woodford*, 548 U.S. at 92 ("Proper exhaustion demands compliance with an agency's deadlines . . . because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings.").

Though it is less clear whether Plaintiff properly exhausted his administrative remedies with respect to the grievances regarding the denial of pain medication by Nurse Gillery and the untimely delivery of breakfast during the month of Ramadan,[4] Plaintiff's claims are now moot because he is no longer detained at Wayne County Jail. "When an inmate files suit against prison officials at the institution of his incarceration based upon those officials' wrongful conduct, seeking declaratory and injunctive relief, and that inmate is subsequently transferred or released, courts routinely dismiss the declaratory and injunctive relief claims as moot." *Russell v. Ohio*, 2012 U.S. Dist. LEXIS 33930, at *13 (S.D. Ohio 2012); *see also Kensu v.

---

[4] While Plaintiff did not file grievances regarding most of the concerns outlined in the complaint, he did file grievances regarding the denial of his medication and the delivery of breakfast during Ramadan. The record does not contain any information explaining the inmate grievance procedure at Wayne County Jail. As far as the Court can tell, Plaintiff submitted a total of seven grievances between May 2013 and February 2014. It appears that jail staff received and referred Plaintiff's grievances (and responded to Plaintiff, in some cases), but there is no explanation of the filing process. *See* Defs.' Ex. 3. Based on the record before it, the Court cannot determine whether Plaintiff properly exhausted his administrative remedies with respect to the grievances regarding the denial of pain medication and the untimely delivery of breakfast during the month of Ramadan.

*Haigh*, 87 F.3d 172, 175 (6th Cir. 1996) ("[T]o the extent [Plaintiff] seeks declaratory and injunctive relief his claims are now moot as he is no longer confined to the institution" that committed the violation); *Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir. 1993) (explaining that the court below was correct in its conclusion that the issue of declaratory and injunctive relief became moot when the Plaintiff left the facility); *Price v. Caruso*, 451 F. Supp. 2d 889, 894 (E.D. Mich. 2006).

## CONCLUSION

For the foregoing reasons, the Court holds that Plaintiff failed to exhaust his administrative remedies as required by the PLRA while he was incarcerated at Wayne County Jail. The Court further holds that Plaintiff's request for injunctive relief is moot because he is no longer incarcerated at the Wayne County Jail. Accordingly,

**IT IS ORDERED** that Defendants' Motion to Dismiss [83] is **GRANTED.** Wayne County Defendants are **DISMISSED** with prejudice.

**SO ORDERED**.


s/Arthur J. Tarnow
Arthur J. Tarnow
Dated: September 28, 2016          Senior United States District Judge